In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-3085

HEIDE MONTOYA,

*Plaintiff-Appellee,*

*v.*

NATIONAL RAILROAD PASSENGER CORPORATION, doing business as AMTRAK,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 22 C 4773 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED SEPTEMBER 17, 2024 — DECIDED OCTOBER 3, 2024

Before EASTERBROOK, HAMILTON, and MALDONADO, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Until her discharge in 2020, Heide Montoya was a "Superintendent of On-Board Services" at Amtrak (the National Railroad Passenger Corp.). Amtrak later rehired her to a different job. She contends in this suit that her firing in 2020 represents sex discrimination, in violation of state and federal law, and she presents other state-law

theories. The litigation soon bogged down in a dispute about arbitration. Amtrak contends that Montoya agreed to arbitrate by continuing to work after receiving a notice by email that disputes would be resolved through arbitration. Montoya denies receiving a copy of the arbitration agreement, and the district judge could not definitively resolve the parties' disagreement in the absence of a paper trail or Montoya's acknowledgment that either of the two critical email messages included a copy of the arbitration clause.

In a status hearing on September 26, 2023, the judge stated that the evidence provided so far did not allow her to decide whether an arbitration agreement is in force. Addressing Amtrak's lawyer, she continued:

> [I want you] to confer with your client and then with [Montoya's counsel] and maybe give me a joint statement in about 14 days whether you are interested in a conference or whether you think you are going to be able to make some progress on your own or whether you, instead, believe that the next step should be further briefing and/or a hearing or trial.

Instead of taking these steps, Amtrak filed a notice of appeal.

Amtrak relies on §16(a)(1) of the Federal Arbitration Act (FAA or the Act), 9 U.S.C. §16(a)(1), which authorizes an interlocutory appeal from any judicial order to bypass arbitration. It is unclear to us whether the district court's decision should be classified as one rejecting Amtrak's demand for arbitration or as one deferring decision until more evidence has been received. The statute does not require judges to make instant decisions or to shun normal procedures, such as hearings, for gathering and evaluating evidence.

But Amtrak has a deeper problem. Section 16 is part of the Federal Arbitration Act and governs only when the Act as a

whole applies. *Teamsters Union v. Kienstra Precast, LLC*, 702 F.3d 954 (7th Cir. 2012). Section 1 of the Act, 9 U.S.C. §1, tells us that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." Amtrak is a railroad, and Montoya was its employee. That takes her, and this case, outside the Act. So *Lytton v. Southern California Regional Rail Authority*, 683 F. Supp. 3d 1101, 1106–07 (C.D. Cal. 2023), holds about a materially identical situation, and we agree with that conclusion.

Until *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022), it might have been possible to argue that all of the exclusions in §1 apply only to workers who cross state lines (such as conductors and brakemen on trains). Yet *Saxon* held that employees may be "engaged in … interstate commerce" even though they never leave their home states. The phrase asks whether a given employee's work is interstate in character, as opposed to whether the *employer* is engaged in interstate transportation. Accord, *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246 (2024).

*Bissonnette* distinguished railroad employees from drivers who delivered baked goods locally and could be exempt only under the "interstate commerce" language. Although *Saxon* stated that "seamen" are a subset of all persons employed in maritime industries, it reserved the question whether "railroad employees" is an industry-wide designation. 596 U.S. at 460–61. In *Bissonette* the Court implied that the exemption for railroad workers covers the industry. 601 U.S. at 255. The statutory language supports application to all railroad employees. "Seamen" refers to a set of related *tasks*, while "railroad employee" is a *status*. On this understanding it does not

matter whether Montoya held an office job. She was Amtrak's employee and thus outside the Act.

Montoya's post-argument memorandum on jurisdiction asserts that she worked several hours a week (one to two hours a day, three days a week) loading and unloading cargo from trains. Amtrak has never contended that Montoya's job was *entirely* desk-bound. Under the approach of *Saxon*, someone who occasionally loads or unloads interstate cargo is employed in interstate commerce whether or not she is a "railroad employee" for the purpose of §1. We grant that there is a potential for a factual dispute about the tasks Montoya performed, but Amtrak took this interlocutory appeal without waiting for any findings by the district court and without so much as adverting to the problem it faces under §1. It therefore has not demonstrated the existence of appellate jurisdiction under the Federal Arbitration Act.

Both Amtrak and Montoya assert in their briefs that appellate jurisdiction is proper under 28 U.S.C. §1291, but Montoya's suit remains pending in the district court. Final decision lies ahead, so §1291 does not apply. The *Enelow-Ettelson* doctrine was overruled by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988), leaving §16 (enacted soon after *Gulfstream*) as the only basis for interlocutory review of orders denying requests to refer disputes to arbitration. Because §16 does not apply to suits by persons excluded by §1, Amtrak's appeal must be dismissed for want of jurisdiction.

It should go without saying (though we say it anyway) that the only question we have resolved is the propriety of an interlocutory appeal. Whether Montoya has agreed to arbitrate disputes with Amtrak, and if so whether that agreement

is enforceable under state law, are questions that remain open in the district court.

The appeal is dismissed.